FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION APR 20 PM 3: 27

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JOSE RIVERA,

    Plaintiff,

v.    Case No. 3:11-cv-358-J-20MCR

STATE OF FLORIDA,

    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate currently confined at Taylor Correctional Institution, filed a handwritten document (Doc. #1), hereby construed to be a civil rights complaint (Complaint), on April 14, 2011. He complains about the conditions of confinement at Florida State Prison, particularly the medical care he is receiving at that institution. He asks for an immediate transfer out of confinement at Florida State Prison.

Plaintiff is no longer confined at Florida State Prison; therefore, it appears that Plaintiff's claim for injunctive relief is moot. Plaintiff failed to sign the Complaint, and he failed to use the appropriate civil rights complaint form to present his claims. As a result, the Complaint is incomplete. It fails to

identify the Defendants and provide historical information concerning Plaintiff's prior federal cases.[1]

In reviewing any previous filings, this Court must consider the nature of Plaintiff's actions that were dismissed before, as well as after, the enactment of the PLRA. See 28 U.S.C. § 1915(g). Plaintiff needs to apprise this Court of the nature of the actions that were previously dismissed and the reasons for the dismissal of those actions, including appeals.

It is important for courts that have a large volume of prisoner cases to have those cases presented on a civil rights complaint forms to promote judicial economy and expeditious review of the cases. If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process.

---

[1] The Prison Litigation Reform Act (hereinafter PLRA), in pertinent part, states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1998).

Finally, Plaintiff has failed to submit the $350.00 filing fee or an affidavit of indigency. If Plaintiff desires to proceed *in forma pauperis* in this Court, he must submit a fully completed affidavit of indigency.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice to give Plaintiff the opportunity to properly file a civil rights complaint and to either pay the appropriate filing fee or submit an affidavit of indigency to the Court.[2]

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

3. The **Clerk of Court** shall send an "Affidavit of Indigency" form, a "Prisoner Consent Form and Financial Certificate" and a civil rights complaint form to Plaintiff. If Plaintiff elects to pursue any civil rights claims in a separate action, he may complete and submit these forms. Plaintiff should not place this

---

[2] Plaintiff is currently confined at Taylor Correctional Institution, which is located in the Northern District of Florida. If Plaintiff wishes to file a civil rights complaint in federal court concerning the conditions of confinement at Taylor Correctional Institution, the appropriate court in which to file such an action would be the United States District Court for the Northern District of Florida.

case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to pursue such civil rights claims.

**DONE AND ORDERED** at Jacksonville, Florida, this _20__ day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

sa 4/15
c:
Jose Rivera